United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MIAMI POLICE RELIEF & PENSION FUND, on behalf of itself and all others similarly situated,

Plaintiff,

v.

FUSION-IO, INC., DAVID A. FLYNN, SHANE V. ROBISON, and DENNIS P. WOLF,

Defendants.

MIKE MARRIOTT, on behalf of itself and all others similarly situated,

Plaintiff,

v.

FUSION-IO, INC., DAVID A. FLYNN, SHANE V. ROBISON, and DENNIS P. WOLF,

Defendants.

Case No.: 13-CV-05368-LHK
Related Cases: 13-CV-05474-LHK
14-CV-00242-LHK

ORDER CONSOLIDATING CASES AND GRANTING FUSION INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

1

Case No.: 13-CV-05368-LHK; Related Cases: 13-CV-05474-LHK; 14-CV-00242-LHK
ORDER CONSOLIDATING CASES AND GRANTING FUSION INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

United States District Court
For the Northern District of California

VICTOR DENENBURG, on behalf of himself And all others similarly situated,

Plaintiff,

v.

FUSION-IO, INC., DAVID A. FLYNN, SHANE V. ROBISON, and DENNIS P. WOLF,

Defendants.

There are four motions pending before this Court in three related cases. The first is Plaintiff Fusion Investor Group's ("FIG")[1] unopposed motion for consolidation of three related cases, appointment of FIG as lead plaintiff, and approval of FIG's selection of counsel. ECF No. 28, Case No. 13-CV-05368. The second is Plaintiff Sasan Hassani's motion for consolidation of three related cases, appointment of Hassani as lead plaintiff, and approval of Hassani's selection of counsel. ECF No. 20, Case No. 13-CV-05368; *see also* ECF No. 12, Case No. 13-CV-05474 and ECF No. 9, Case No. 14-CV-00242.[2] The third is Plaintiff Fusion-io Investor Group's motion for consolidation of three related cases, appointment of Fusion-io Investor Group as lead plaintiff, and approval of Fusion-io Investor Group's selection of counsel. ECF No. 14, Case No. 13-CV-05368. The fourth is Plaintiff Institutional Investor Group's motion for consolidation of three related cases, appointment of Institutional Investor Group as lead plaintiff, and approval of Institutional Investor Group's selection of counsel. ECF No. 31, Case No. 13-CV-05368.

Defendants have filed a statement of non-opposition to all of Plaintiffs' motions and have stated they take no position as to the appointment of lead plaintiff and/or the selection of lead counsel. ECF No. 47. Pursuant to Civil Local Rule 7-1(b), the Court finds all four motions appropriate for determination without oral argument, and thus vacates the hearing set for these motions on June 12, 2014, at 1:30 p.m. The Court GRANTS FIG's unopposed motion for the reasons set forth herein, and DENIES the other three motions.

[1] FIG consists of two members, Donald Hunt and Steve Winebrenner. ECF No. 28 at 1.
[2] These three motions – ECF No. 20, Case No. 13-CV-05368; ECF No. 12, Case No. 13-CV-05474; and ECF No. 9, Case No. 14-CV-00242 – were filed separately in the three related cases, but are substantively the same exact motion filed by Sasan Hassani.

United States District Court
For the Northern District of California

**I. Facts and Procedural History**

The instant case involves three related securities class action lawsuits: *Miami Police Relief and Pension Fund v. Fusion-io, Inc., et al*, Case No. 13-CV-05368; *Mike Marriot v. Fusion-io, Inc.*, Case No. 13-CV-05474, and *Victor Denenburg v. Fusion-io Inc*, Case No. 14-CV-00242. This Court related these three cases on February 3, 2014. ECF No. 41.

These three related actions are nearly identical. They are putative securities class actions brought against the same defendants, Fusion-io, and its officers and directors, and brought on behalf of all persons who purchased publicly traded common stock of Fusion-io between January 25, 2012 and October 23, 2013 ("Class Period").[3] ECF No. 1, Case No. 13-CV-05368; ECF No. 1, Case No. 13-CV-05474; ECF No. 1, Case No. 14-CV-00242. All the actions allege that Fusion-io investors incurred significant financial losses as a result of the Defendants' false or misleading statements concerning Fusion-io's relationship with its strategic customers, the anticipated demand from these customers for the company's products, and the growing competitive pressure the company was facing. *Id.* at 1-2; *id.* at 1-2; *id.* at 1-2. More specifically, the complaints allege Defendants misrepresented to investors that the company was a market leader in large-scale flash memory applications and was not facing any competitive pressure or risk from the commoditization of flash memory products. *Id.* at 1; *id.* at 1; *id.* at 1. Defendants also issued unrealistically positive revenue guidance and misrepresented that the company was able to anticipate demand from its strategic customers based on its years of experience as their flash memory supplier. *Id.* at 2; *id.* at 2; *id.* at 2. As a result of these misrepresentations, Fusion-io stock traded at artificially inflated prices during the Class Period. *Id.*; *id.*; *id.* When Fusion-io announced in January 2013 that it no longer anticipated achieving its previously issued revenue

[3] The first two filed actions, *Miami Police Relief & Pension Fund v. Fusion-io, Inc. et al.*, No. 13-CV-05368 (N.D. Cal. Nov. 19, 2013), and *Marriott v. Fusion-io, Inc. et al.*, No. 13-CV-05474 (N.D. Cal. Nov. 26, 2013), allege a class period of August 10, 2012 to October 23, 2013, while the third action, *Denenburg v. Fusion-io, Inc. et al.*, No. 14-CV-00242 (N.D. Cal. Jan. 15, 2014), alleges a class period of January 25, 2012 to October 23, 2013. The complaints filed against Fusion-io thus assert different class periods. For purposes of appointing a lead plaintiff, the longest class period governs. *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, 2012 U.S. Dist. LEXIS 21590, at *14 n.1 (N.D. Cal. Feb. 21, 2012).

guidance for fiscal year 2013, and later revoked its prior revenue guidance and announced that its expected gross margins in 2014 were going to fall significantly, the price of Fusion-io stock declined significantly, causing plaintiffs financial damage. *Id.*; *id.*; *id.* Based on these allegations, plaintiffs in all three cases bring identical causes of action: one for violations of SEC Rule 10b-5 and Sections 10(b) of the Securities Exchange Act of 1934, and another cause of action for violation of Section 20(a) of the Securities Exchange Act. *Id.* at 13-14; *id.* at 14-16; *id.* at 14-15.

On January 21, 2014, FIG moved to consolidate the three related cases, to appoint FIG as lead plaintiff, and for approval of FIG's selected counsel, Brower Piven, a Professional Corporation ("Brower Piven"), as lead counsel for the class and for approval of Brodsky & Smith, LLC ("Brodsky & Smith) as liaison counsel for the class. ECF No. 28, Case No. 13-CV-05368 ("Mot."). On February 4, 2014 and February 11, 2014, FIG filed two further memoranda in support of its motion. ECF Nos. 43, 48.

On January 21, 2014, Plaintiff Sasan Hassani filed his own motion for consolidation of three related cases, appointment of Hassani as lead plaintiff, and approval of Hassani's selection of counsel. ECF No. 20, Case No. 13-CV-05368; *see also* ECF No. 12, Case No. 13-CV-05474 and ECF No. 9, Case No. 14-CV-00242. On February 4, 2014, Hassani filed a notice stating it does not oppose FIG's motion for consolidation, motion to appoint FIG as lead plaintiff, and for approval of FIG's selected counsel. ECF No. 45, Case No. 13-CV-05368.

On January 21, 2014, Plaintiff Fusion-io Investor Group filed its own motion for consolidation of three related cases, appointment of Fusion-io Investor Group as lead plaintiff, and approval of Fusion-io Investor Group's selection of counsel. ECF No. 14, Case No. 13-CV-05368. On January 30, 2014, Fusion-io Investor Group filed a notice stating that it does not oppose FIG's motion for consolidation, motion to appoint FIG as lead plaintiff, and for approval of FIG's selected counsel. ECF No. 40, Case No. 13-CV-05368. Fusion-io Investor Group noted that FIG has a larger financial interest in the outcome of the litigation. *Id.* at 1. Fusion-io Investor Group thus conceded it is not the presumptively most adequate plaintiff under the Private Securities Litigation Reform Act ("PSLRA"). *Id.*

United States District Court
For the Northern District of California

On January 21, 2014, Plaintiff Institutional Investor Group filed its own motion for consolidation of three related cases, appointment of Institutional Investor Group as lead plaintiff, and approval of Institutional Investor Group's selection of counsel. ECF No. 31, Case No. 13-CV-05368. On February 4, 2014, Institutional Investor Group filed a notice stating it does not oppose FIG's motion for consolidation, motion to appoint FIG as lead plaintiff, and for approval of FIG's selected counsel. ECF No. 42, Case No. 13-CV-05368. Institutional Investor Group acknowledged that FIG has the largest financial interest in this case and thus should be appointed as lead plaintiff. *Id.* at 1.

At this time, FIG's motion for consolidation, motion to appoint FIG as lead plaintiff, and for approval of FIG's selected counsel, ECF No. 45, is unopposed. Having considered FIG's motion, and for good cause shown, the Court GRANTS FIG's motion and DENIES the other plaintiffs' motions.

## II. Legal Standards

### 1. Consolidation

Pursuant to the PSLRA, the Court must decide whether to consolidate the related actions prior to selecting a plaintiff to lead this litigation of behalf of the putative class. 15 U.S.C. §78u-4(a)(3)(B)(ii). The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," *see* 15 U.S.C. 78u-4(a)(3)(A)(ii), and did not displace the traditional legal standards for consolidation under Federal Rule of Civil Procedure 42, which permits the court to consolidate cases that involve a common question of law or fact. Fed. R. Civ. P. 42(a). Federal Rule of Civil Procedure 42(a) provides, "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The court has broad discretion to consolidate cases under Rule 42, either by motions submitted by the parties or *sua sponte*. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Paxonet Communications, Inc. v. Transwitch Corp.*, 303

United States District Court
For the Northern District of California

F.Supp.2d 1027, 1028–29 (N.D. Cal. 2003). In determining whether to consolidate cases, the court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989).

**2. PSLRA**

The PSLRA, 15 U.S.C. § 78u–4, governs the selection of a lead plaintiff in private securities class actions. In the PSLRA's own words, this plaintiff is to be the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). Under the PSLRA, a three-step process determines the lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the first plaintiff to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u–4(a)(3)(A)(i)(I).[4] This notice must also alert the public that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).[5]

Second, the court must select the presumptive lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729–30 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)). In order to determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Id.* at 730 (footnote omitted). Once the court identifies the plaintiff with the most to gain, the court must determine whether that plaintiff, based on the information he provides, "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If he does, that plaintiff becomes the presumptive lead plaintiff. *Id.* If not, the court selects the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23. *Id.* The court repeats this process until it selects a presumptive lead plaintiff. *Id.*

---

[4] This publication is to be made "[n]o later than 20 days after the date on which the complaint is filed." 15 U.S.C. § 78u–4(a) (3)(A)(i).

[5] Those who wish to move the court for appointment as lead plaintiff must do so "not later than 60 days after the date on which the notice is published." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

6

Case No.: 13-CV-05368-LHK; Related Cases: 13-CV-05474-LHK; 14-CV-00242-LHK
ORDER CONSOLIDATING CASES AND GRANTING FUSION INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

Third, those plaintiffs not selected as the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)). This is done by showing that the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B) (iii)(II)(aa)-(bb). If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two, select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing. *In re Cavanaugh*, 306 F.3d at 731. The court repeats this process "until all challenges have been exhausted." *Id.* (citation and footnote omitted).

Under the PLSRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

## III. Analysis

### A. Consolidation

FIG moves for consolidation of the three related cases. The Court GRANTS the motion because all three cases arise from the same conduct by Defendants, and bring the same causes of action against the same Defendants, Fusion-io, Inc., David Flynn, Shane Robison, and Dennis Wolf. The actions present identical factual and legal issues because they each arise out of the same alleged misstatements that Fusion-io did not face any significant competition and that investors should not be concerned over commoditization of the company's products. Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time

United States District Court
For the Northern District of California

and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Because the cases here involve common questions of law and fact, the Court finds that these cases should be consolidated. Further, there is no opposition to consolidation by plaintiffs in any of the three cases nor by Defendants. Thus, the Court consolidates all three actions under Rule 42(a).

**B. Lead Plaintiff and Lead Counsel**

In conformity with the procedure established by the PSLRA and the Ninth Circuit in *In re Cavanaugh*, the Court will now decide whether FIG should serve as lead plaintiff and Brower Piven should serve as lead counsel in the instant action. The Court considers FIG's motion first, as opposed to the other plaintiffs, because FIG's motion is the only motion that is unopposed.

**1. Procedural Requirements**

On November 19, 2013, the first of three related securities class actions, *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368, was filed in this District asserting claims under the Securities Exchange Act against Defendants. That same day, a notice of the pendency of that action was published in *Marketwired*. *See* ECF No. 30, Smith Decl., Ex. C, at 20. This notice was timely because it was published within 20 days after the filing of the complaint, and it listed the claims, the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *See* 15 U.S.C. § 78u–4(a)(3)(A). FIG then timely filed the instant motion on January 21, 2014, within sixty days of filing the notice, as required by 15 U.S.C. § 78u–4(a)(3)(A).[6] FIG has therefore met the statutory procedural requirements.

**2. Presumptive Lead Plaintiff**

**a. Largest Financial Interest**

---

[6] Sixty days from November 19, 2013 was Saturday, January 18, 2014. Nonetheless, FIG still timely filed its motion on Tuesday, January 21, 2014. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that "if the last day [of a statutory time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday."). Here, January 20, 2014 was the Martin Luther King Jr. holiday.

The PSLRA provides that, after notice of the class action has been given, a "court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The most capable plaintiff is generally the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23. *In re Cavenaugh*, 306 F.3d at 729. District courts have equated financial interest with actual economic losses suffered. *See Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *3 (N.D. Cal. 2011).

Here, FIG holds the largest financial stake in this litigation. FIG submitted a declaration establishing that its losses as a result of Defendants' conduct are approximately $1,235,967.62. *See* ECF No. 30, Smith Decl., Ex. A at 1-10. There is no dispute that FIG suffered the greatest financial loss during the Class Period. Indeed, both Institutional Investor Group and Fusion-io Investor Group have conceded they do not have the largest financial stake in the action and that FIG has the largest financial interest. *See* ECF Nos. 40, 42. Further, Hassani, who filed a notice of non-opposition to FIG's motion and does not challenge FIG's calculation of FIG's losses, alleged a loss of only $590,674 during the Class Period in Hassani's original motion for appointment as lead plaintiff. ECF No. 20 at 2; ECF No. 21 at 15 (reciting losses). Thus, the Court finds that FIG is the plaintiff with the greatest financial interest in the litigation.

**b. Rule 23 Requirements**

FIG has also made a sufficient showing to establish that it satisfies the requirements of Rule 23(a), particularly typicality and adequacy. *See In re Cavenaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."). This showing need not be as thorough as what would be required on a class certification motion. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).

In determining whether typicality is satisfied, a court inquires "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation and quotation marks omitted); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012). Here, like other members of the purported class, FIG purchased Fusion-io's securities during the Class Period in reliance upon Defendants' purported false and misleading statements, and suffered damages as a result. Because FIG's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims, FIG's claims are typical of the claims of other members of the putative class. *See* Mot. at 9; *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed lead plaintiff "purchased [the defendant's] common stock during the Class Period, allegedly in reliance upon [the d]efendants' purported false and misleading statements, and alleged suffered damages as a result").

The test for adequacy asks whether the class representative and his counsel "have any conflicts of interest with other class members" and whether the class representative and his counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there is no indication of conflicts between FIG and other class members, nor is there evidence that FIG is subject to any unique defenses. *See* Mot. at 9. Further, FIG has a significant stake in the outcome of the instant action such that the Court is confident it will vigorously prosecute the claims. Accordingly, the Court finds that, for purposes of lead plaintiff appointment, FIG has made a showing satisfying the adequacy requirement of Rule 23.

Finally, FIG consists of two sophisticated investors. Small, cohesive groups similar to FIG are routinely appointed as lead plaintiff in securities actions when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel. *See, e.g., In re Versata, Inc. Sec. Litig.*, 2001 WL 34012374, at *6–7 (N.D. Cal. Aug. 20, 2001). In

support of its motion for appointment as lead plaintiff, FIG has submitted declarations from each of the two individuals comprising FIG professing the readiness and willingness to serve as a representative party on behalf of the class. *See* ECF No. 30, Smith Decl., Exs. A and B. They also claim they will work cooperatively together to direct and supervise the activities of counsel to best vindicate the interests of all shareholders and to vigorously prosecute the case. ECF No. 30 at 11-13, Ex. B. Additionally, they have been in contact to discuss how information will be shared and how the litigation will be managed on a day-to-day basis. *Id.* Courts have found that such joint declarations are demonstrative of a movant group's adequacy as lead plaintiff. *See, e.g.*, *Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702, at *9-10 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of investors that submitted a joint declaration "attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class."); *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-CV-1463, 2014 U.S. Dist. LEXIS 2147, at *12-17 (C.D. Cal. Jan. 8, 2014) (appointing as lead plaintiff a group of investors that submitted joint declaration describing procedures for overseeing litigation as lead plaintiff). Thus, FIG has shown that it will manage the litigation effectively in the interest of the class without undue influence of counsel.

**c. Rebuttal of Presumptive Lead Plaintiff**

Having established that FIG has the greatest financial stake and satisfies the requirements of Rule 23(a), FIG is presumptively the most adequate plaintiff to represent the class. This presumption may be rebutted only upon proof by a member of the purported plaintiff class that FIG either (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(3)(B)(iii)(II). No purported class member has come forward with such rebuttal evidence to rebut the presumption in favor of FIG. Indeed, no party opposes FIG's motion for appointment as lead plaintiff. Accordingly, the presumption that FIG is the most adequate lead plaintiff has not been rebutted, and the Court therefore need not proceed to consider the motion of the movant with the next largest financial stake. *See In re Cavanaugh*, 306 F.3d at 730-31. Absent proof that the

lead plaintiff candidate with the largest financial interest does not satisfy the requirements of FRCP 23, said candidate is "entitled to lead plaintiff status." *In re Cavanaugh*, 306 F.3d at 732. Thus, FIG is entitled to be the lead plaintiff in this action.

**3. Lead Counsel**

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The decision of lead counsel belongs to the lead plaintiff. *In re Cavanaugh*, 306 F.3d at 734 n.14. FIG has chosen the law firm of Brower Piven to serve as lead counsel. The Court has reviewed the firm's resume, *see* ECF No. 30, Smith Decl., Ex. D at 21, and is satisfied that the lead plaintiff has made a reasonable choice of counsel. Brower Piven has extensive experience in the prosecution of securities class actions and it appears that it will adequately represent the interests of all class members. *Id.* Accordingly, the Court defers to FIG's choice in counsel.

The Court also finds that Brodsky & Smith is capable of fulfilling the role of liaison counsel, and thus grants FIG's request to have that firm serve that role. The firm appears to have experience in the prosecution of securities class actions. *See* ECF No. 30, Smith Decl., Ex. E at 32. As one court has noted, there is "a strong preference for local liaison counsel when securities fraud class actions are filed by out-of-state lawyers. It facilitates communication and ensures that out-of-state lawyers are familiarized with local rules and practices. It also ensures that if a court appearance is necessary on short notice or for a minor matter, a legal representative of the litigant can be available quickly, and without the expense of out-of-state travel." *Ferrari v. Gisch*, 225 F.R.D. 599, 610-611 (C.D. Cal. May 21, 2004) (citation omitted). The Court advises counsel, however, that the Court will monitor litigation activity, and closely scrutinize any fee requests ultimately submitted to ensure that they are reasonable. Thus, the Court appoints liaison counsel provided that there is no duplication of attorney's services, and provided that the retention of the two firms does not in any way unnecessarily increase attorney's fees and expenses. *See, e.g.*, *In re Donnkenny Inc. Sec. Lit.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997).

## IV. CONCLUSION

For the reasons stated above, the Court appoints FIG as the lead plaintiff in this action and approves FIG's selection of Brower Piven as lead counsel and Brodsky & Smith as liaison counsel. The Court denies the motions brought by Hassani, Institutional Investor Group, and Fusion-io Investor Group. The Court also consolidates the three cases. Each document filed by a party to this litigation shall bear the following caption: *In re Fusion-io, Inc. Securities Litigation*, No. 5:13-cv-05368-LHK. All filings must only be made in the consolidated case. Within 28 days of entry of this Order, Plaintiffs shall file an amended consolidated complaint. Defendants shall respond to the consolidated complaint within 28 days.

**IT IS SO ORDERED.**

Dated: June 10, 2014

LUCY H. KOH
United States District Judge